IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEG BUDANOV,<br><br>Plaintiff,<br><br>v.<br><br>STANDARD INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 1:24-CV-00186-JLT-EPG<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Claim File (With Privilege Log, If Necessary)<br>Filing Deadline:        May 3, 2024<br><br>Settlement Conf.:      Date: Not Set<br><br>Briefing Schedule:<br>    Simultaneous Opening Briefs:<br>                October 11, 2024<br>    Simultaneous Responding Briefs:<br>                November 1, 2024<br><br>Bench Trial<br>(1 Day Estimate):      Date: Not Set |

1

This Court conducted a scheduling conference on May 9, 2024.  Counsel Nick Ortiz appeared telephonically on behalf of Plaintiff. Counsel Michael Brisbin appeared telephonically on behalf of Defendant.  Pursuant to Fed. R. Civ. P. 16(b), this Court sets a schedule for this action.

### I. Amendment To The Parties' Pleadings

The parties are advised that the filing of motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to modify the existing schedule.  Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992).  Moreover, any request for amendment under Fed. R. Civ. P. 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

### II. Fed. R. Civ. P. 26(a)(1)

The parties have exchanged initial disclosures and Defendant has produced the claim file.

### III. Discovery Cutoffs And Limits

The parties agree that non-expert and expert discovery is not necessary.

### IV. Pretrial Motion Schedule

#### A. *General Information Regarding Filing Motions*

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[1] *all* moving and opposition briefs or legal memoranda, including joint statements of discovery disputes, filed in civil cases before Magistrate Judge Grosjean, shall not exceed twenty-five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page limits do not include exhibits.  When scheduling motions (other than discovery motions) the parties shall comply with Local Rule 230.

Counsel or *pro se* parties may appear and argue motions by telephone, provided a request to so do is made to Michelle Rooney, Magistrate Judge Grosjean's Courtroom Deputy (unless prior permission has been given by the judge), no later than five (5) court days before the noticed hearing date.  Requests can be made by emailing Ms. Rooney at mrooney@caed.uscourts.gov.  If the parties are appearing telephonically, each party shall dial 1-888- 251-2909 and enter access

---

[1] Parties may seek leave through a telephonic conference among all parties and the Court, or by short motion.

code 1024453.

### 1. Informal Discovery Conference

In order to file a motion involving a discovery dispute, *see* Fed. R. Civ. P. 26 through 37 and 45,[2] a party must receive permission from the Court following an informal telephonic discovery dispute conference. However, non-parties challenging a subpoena under Fed. R. Civ. P. 45 are not required to request an informal conference before filing a motion. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.

Prior to the conference, the parties shall simultaneously file an <u>Informal Discovery Dispute Letter Brief</u>, outlining their positions regarding the dispute. Such briefs shall be no longer than three pages single-spaced, and may include up to five pages of exhibits. The Court will provide the date and time the Letter Briefs are due at the time the conference is scheduled.

At the time of conference, the parties shall dial 1-888-251-2909 and enter access code 1024453. The Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

### 2.     Filing a Discovery Motion

If a discovery motion, *see* Fed. R. Civ. P. 26 through 37 and 45, is brought after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251.[3] In scheduling such motions, Magistrate Judge Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

A Joint Statement, not to exceed twenty-five (25) pages, must be filed seven (7) calendar

---

[2] The Court construes "discovery dispute" broadly, which includes, but is not limited to, disputes regarding written discovery, oral depositions, physical and mental examinations, and protective orders. As discussed above, the parties have permission to file discovery motions regarding the scope of discovery in this action. However, the Court will still require an Informal Discovery Conference in the event the parties have a dispute regarding additional discovery matters.

[3] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).

days before the scheduled hearing date. Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b). Courtesy copies for any Joint Statement in excess of twenty-five pages (25) (including exhibits) shall also be delivered to chambers via US mail, or hand delivery, at the time the Joint Statement is electronically filed. Motions may be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

**V.     Settlement Conference**

The Court did not set a settlement conference at this time. At any point, the parties may file a joint written request for a settlement conference if they believe that such a conference would be fruitful.

**VI.    Trial Briefs**

Pursuant to the parties' request, the parties shall file simultaneous opening trial briefs by no later than **October 11, 2024**. The parties shall file simultaneous responding brief by no later than **November 1, 2024**.

**VII.   Trial Date**

The parties have requested a bench trial. The parties estimate that bench trial argument will take one day. At this time, the Court will not set a trial date.

**VIII.  Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not requested.

**IX.    Related Matters Pending**

There is no related litigation.

**X.     Compliance with Federal Procedures**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any amendments thereto. The Court requires strict compliance with these rules. Sanctions will be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

///

XI. **Effect Of This Order**

This order represents the Court and the parties' best estimated schedule to complete this case. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

*The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.* Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **May 9, 2024**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE